United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BONIFACIO RAMOS MENDEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-677 |
| | § | |
| JOSE GARCIA LONGORIA, JR., *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Bonifacio Ramos Mendez is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment. For the following reasons, the Court concludes that Petitioner is not entitled to relief.

Petitioner argues that his continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates his Fifth Amendment due process rights.

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time."). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and

rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning in these decisions to be persuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner urges the Court to follow the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026). (Statement, Doc. 6) But the Fifth Circuit has vacated that decision. *See Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. July 10, 2026). While the Court can consider the vacated decision as persuasive authority, the Court respectfully disagrees with the decision's analysis.

The Court finds that the Petitioner is not entitled to the relief sought. Accordingly, it is:

**ORDERED** that Petitioner Bonifacio Ramos Mendez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on August 28, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge